## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Jack A. Glasser,<br><br>          Debtor. | Case No: BK-22-30244<br><br>Chapter 7 |
| Messiahic, Inc. d/b/a PayJunction,<br><br>          Plaintiff,<br>vs.<br><br>Jack A. Glasser,<br><br>          Defendant. | Adversary Proceeding No. |

### ANSWER

**COMES NOW**, Defendant Jack A. Glasser, by and through his undersigned attorney, for his Answer to Plaintiff's Complaint, and unless specifically admitted, denies each and every allegation in Plaintiff's Complaint, and states as follows:

### JURISDICTION AND VENUE

1.     As to Paragraph 1, Defendant admits that Plaintiff brings this action pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), but denies that PayJunction's claim against Defendant is nondischargeable.

2.     As to Paragraph 2, Defendant admits that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

3.      As to Paragraph 3, Defendant admits that venue is proper in this district under 28 U.S.C. § 1409.

**<u>INTRODUCTION</u>**

4.      Defendant admits to Paragraph 4.

5.      As to Paragraph 5, Defendant admits to the statement that card payments were processed by PayJunction, but denies all allegations.

6.      Defendant denies Paragraphs 6-8.

7.      As to Paragraph 9, Defendant acknowledges that after the closure of Glasser Images, PayJunction began experiencing chargeback claims. However, Defendant denies that he ignored PayJunction's requests or refused to provide assistance to PayJunction. Defendant asserts that given the circumstances surrounding the closure of Glasser Images, and the volume of customer claims, any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

8.      As to Paragraph 10, Defendant acknowledges that PayJunction filed a complaint against Glasser Images and Defendant in the United States District Court for the Middle District of Georgia and that an injunction was obtained ordering Defendant and Glasser Images to cooperate with PayJunction. However, Defendant denies the allegations that he failed to comply with the injunction. Defendant asserts that his cooperation was provided to the extent possible, and any inability to provide further cooperation was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

9.     As to Paragraph 11, Defendant acknowledges that on March 3, 2022, the District Court entered a judgment in favor of PayJunction against Defendant and Glasser Images in the amount stated. Defendant further acknowledges that this judgment was subsequently registered by the Clerk of the Morton County District Court, Mandan, North Dakota, on March 22, 2022. However, Defendant assets that the judgment's dischargeability is contested under the provisions of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The acknowledgement of these facts should not be construed as an admission of liability or nondischargeability for the debt in the present context.

10.     As to Paragraph 12, Defendant denies all allegations therein.

11.     As to Paragraph 13, Defendant acknowledges that an action was initiated by the North Dakota Attorney General against Defendant and Glasser Images, in which certain allegations were made. However, Defendant asserts that the allegations made by the North Dakota Attorney General do not establish the requisite intent for nondischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The acknowledgement of the commencement of this action should not be construed as an admission of liability or nondischargeability for the debt in the present context.

12.     As to Paragraph 14, Defendant acknowledges that a Consent Judgment was entered into with the North Dakota Attorney General. However, Defendant denies that this admission automatically constitutes an admission of the same allegations made by PayJunction or that it results in nondischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A) and (a)(7) in the present case. Defendant further asserts that the stipulated judgments entered by the Bankruptcy Court were procedural in nature and did not

constitute a factual determination on the merits of the claims now brought by PayJunction.

13.     As to Paragraph 15, Defendant disputes PayJunction's characterization that its claims are based on the same transaction or occurrence and common nucleus of operative facts that Defendant has admitted to in the Consent Judgment. Defendant also denies that PayJunction's payment of chargebacks to customers automatically constitutes a non-dischargeable debt owed to PayJunction. The dischargeability of this debt is a separate issue to be determined in the current proceedings.

14.     As to Paragraph 16, Defendant denies all allegations therein. Defendant did not fraudulently induce customers of Glasser Images to prepay for goods and services with their credit cards at a time when Defendant knew that Glasser Images could not or would not perform. Defendant's actions did not defraud PayJunction, and he did not enable Glasser Images to accept customer payments for Defendant's personal enrichment. Defendant denies ignoring PayJunction's requests for assistance and information, as any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images. Defendant did not act willfully or maliciously with intent to injure PayJunction. Defendant disputes the claim that the Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6).

**PARTIES**

15.     Defendant admits to Paragraph 17.

4

16.     As to Paragraph 18, Defendant admits to the extent that at the date of petition, Glasser's residence was located at the stated address in Mandan, North Dakota. Defendant denies that he was a resident of Bismarck.

17.     As to Paragraph 19, Defendant admits to the extent that at the date of petition, Jace Schacher's residence was located at the stated address in Mandan, North Dakota. Defendant further admits that Schacher was an employee of Glasser Images and a domestic partner of Defendant. Defendant denies that Schacher was a resident of Bismarck.

18.     Defendant admits to Paragraph 20.

19.     As to Paragraph 21, Defendant admits that he was the owner, officer, or principal of Glasser Images. However, Defendant denies that he directed, controlled, managed, participated in, supervised any activities of Glasser Images that were fraudulent or intended to defraud PayJunction, as no such activities occurred.

## GENERAL ALLEGATIONS

20.     Defendant admits to Paragraphs 22-24.

21.     As to Paragraph 25, Defendant lacks sufficient knowledge or information to admit or deny the allegations relating to PayJunction, as they pertain to parties other than the answering Defendant.

22.     Defendant admits to Paragraphs 26-29

23.     As to Paragraph 30, Defendant admits to the accuracy of the language within Section 15 of the T&Cs, but denies any interpretation of these provisions that exceed their actual content, intent, or legal effect.

5

24.     Defendant admits to Paragraphs 31-36. However, Defendant would clarify that the specific processes and timeframes for chargebacks and retrieval processes can vary depending on the terms of the Merchant Services Agreement and the practices of the individual card-issuing banks or associations.

25.     Defendant admits to Paragraphs 37-38.

26.     Defendant admits to Paragraphs 39-42.

27.     As to Paragraph 43, Defendant denies that he refused to respond to PayJunction's requests for assistance and information, as any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

28.     Defendant admits to Paragraphs 44-45.

29.     As to Paragraph 46, Defendant admits the Georgia District Court entered judgment in PayJunction's favor against Glasser and Glasser Images in the amount of $977,241.14, which judgment was subsequently registered by the Clerk of the Morton County District Court, Mandan, North Dakota, on March 22, 2022. However, Defendant disputes the claim that the Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6).

30.     Defendant admits to Paragraphs 47-48.

31.     As to Paragraph 49, Defendant acknowledges that an action was initiated by the North Dakota Attorney General against Defendant and Glasser Images, in which certain allegations were made. However, Defendant asserts that the allegations made by the North Dakota Attorney General do not establish the requisite intent for

6

nondischargeability under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The acknowledgement of the commencement of this action should not be construed as an admission of liability or nondischargeability for the debt in the present context.

32.    As to Paragraph 50, Defendant acknowledges that a Consent Judgment was entered into with the North Dakota Attorney General. However, Defendant denies that this admission automatically constitutes an admission of the same allegations made by PayJunction or that it results in nondischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A), (a)(6), and (a)(7) in the present case. Defendant further asserts that the stipulated judgments entered by the Bankruptcy Court were procedural in nature and did not constitute a factual determination on the merits of the claims now brought by PayJunction.

33.    As to Paragraph 51, Defendant disputes PayJunction's characterization that its claims are based on the same transaction or occurrence and common nucleus of operative facts that Defendant has admitted to in the Consent Judgment. Defendant further denies that the Consent Judgment automatically constitutes an admission of the same allegations made by PayJunction or that it results in nondischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A), (a)(6), and (a)(7).

34.    As to Paragraph 52, Defendant denies all allegations insofar as they purport to represent a complete and accurate account of Defendant's actions and stipulations.

35.    As to Paragraph 53, Defendant specifically denies having defrauded PayJunction or any other party and further denies that PayJunction stands in the shoes of any alleged victims of fraud under the Merchant Services Agreement.

36.    As to Paragraph 54, Defendant denies having acted with any intention to deceive or mislead PayJunction or any other party, and specifically denies having committed fraud, false pretenses, false promises, or made misrepresentations as part of his business operations.

37.    As to Paragraph 55, Defendant admits that he entered into a Consent Judgment. However, Defendant denies the characterizations of the Consent Judgment as portrayed in the Complaint and any interpretation of its stipulations that exceed its literal text and intended purpose.

38.    As to Paragraph 56, Defendant admits that he filed motions to approve the stipulations embodies in the Consent Judgment, but denies any interpretation of these motions that exceed their actual content, intent, or legal effect.

39.    As to Paragraph 57, Defendant admits to the facts regarding the entry of judgments of nondischargeability against the Defendants on February 17, 2023, but denies any interpretation of these facts that exceed their actual content, intent, or legal effect.

40.    As to Paragraph 58, Defendant denies all allegations. Specifically, Defendant denies that the PayJunction claim overlaps with restitution claims to the extent alleged, or that the PayJunction claim should be given *res judicata effect*. Defendant further denies that the Court's and the District Court's judgments and associated stipulation of consumer fraud should be given collateral estoppel effect for purposes of section 523(a)(2)(A).

41.    Defendant denies Paragraph 59.

8

42.    Defendant admits to Paragraphs 60-64.

43.    Defendant admits to Paragraph 65.

44.    Defendant admits to Paragraph 66.

45.    As to Paragraph 67, Defendant denies all allegations and maintains that all steps taken were in accordance with the law and proper business practice.

46.    As to Paragraph 68, Defendant admits to the extent that Glasser Images announced closure on October 7, 2021. However, Defendant denies all other allegations as untrue and not representative of the circumstances of Glasser Image's closure.

47.    Defendant admits to Paragraphs 69-70.

48.    Defendant denies Paragraphs 71-77.

49.    Defendant admits to Paragraphs 78-80. However, Defendant denies the implication that such actions were improper or indicative of fraudulent intent.

50.    As to Paragraphs 81-84, Defendant admits to the extent that the quoted emails are conversations that took place. However, Defendant maintains that the representation of these conversations is not indicative of fraudulent activity or improper management and denies all remaining allegations.

51.    Defendant admits to Paragraphs 85-89 to the extent that the quoted emails are conversations that took place. However, Defendant maintains that the representation of these conversations is not indicative of fraudulent activity or improper management and denies all remaining allegations.

52.    Defendant admits to Paragraphs 90-92 to the extent that the quoted emails are conversations that took place between Defendant and his accountant. However,

Defendant maintains that the representation of these conversations is not indicative of fraudulent activity or improper management and denies all remaining allegations.

53.    Defendant admits to Paragraph 93 to the extent that the quoted email is a conversation that took place. However, Defendant maintains that the representation of these conversations is not indicative of fraudulent activity or improper management and denies all remaining allegations.

54.    Defendant admits to Paragraph 94, acknowledging that he was advised by his accountant to consult with a bankruptcy attorney and that Glasser Images was closed after a loan modification was declined by the Small Business Administration ("SBA"). However, Defendant denies any implication that these actions suggest fraudulent activity or improper management.

55.    Defendant denies Paragraph 95 and asserts that all business operations were conducted with a reasonable expectation of fulfilling customer contracts. Defendant further denies any assertion that he acted without regard for the financial well-being of the customers or the sustainability of Glasser Images.

56.    Defendant denies Paragraph 96.

57.    Defendant denies Paragraph 97.

58.    As to Paragraph 98, Defendant denies all allegations and contends that at no time was it necessary or appropriate to disclose financial status or loan applications to customers, as it was not indicative of an inability to fulfill service agreements.

59.    Defendant denies Paragraph 99.

60.    Defendant denies Paragraphs 100-101.

61.    Defendant denies Paragraph 102.

62.    Defendant admits to Paragraph 103.

63.    Defendant denies Paragraph 104.

64.    Defendant admits to Paragraph 105 to the extent that an assessment system for photographers and editors existed. However, Defendant contends that this was for internal use and done to ensure quality control.

65.    Defendant denies Paragraph 106.

66.    Defendant denies Paragraphs 107-109.

67.    Defendant denies Paragraph 110, to the extent that, given the circumstances surrounding the closure of Glasser Images, and the volume of customer claims, any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

68.    Defendant denies Paragraph 111.

69.    Defendant denies Paragraph 112.

70.    Defendant admits to Paragraphs 113-114.

71.    Defendant denies Paragraphs 115-126.

72.    As to Paragraph 127, Defendant denies all allegations and asserts that all actions taken were done so in accordance with appropriate accounting and business practices.

73.    Defendant denies Paragraph 128.

74.    As to Paragraphs 129, Defendant denies all allegations and asserts that all actions taken were done so in accordance with appropriate accounting and business practices.

75.    Defendant denies Paragraph 130.

76.    Defendant denies Paragraph 131.

77.    Defendant denies Paragraph 132.

78.    Defendant denies Paragraph 133.

79.    As to Paragraphs 134-135, Defendant admits to the extent that the quoted emails are conversations that took place, but denies all remaining allegations.

80.    Defendant denies Paragraph 136.

81.    Defendant admits to Paragraphs 137-139.

82.    Defendant denies Paragraph 140, and asserts that any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

83.    Defendant denies Paragraph 141.

84.    Defendant admits to Paragraphs 142-144.

85.    Defendant denies Paragraphs 145-146.

86.    As to Paragraphs 147-148, Defendant admits to the correct representation of the Merchant Services Agreement. However, Defendant denies any suggestion or implication that this information indicates fraudulent activity or improper management.

87.    Defendant denies Paragraphs 149-150.

88.    Paragraph 151 contains legal argument or conclusions to which no response is necessary. However, to the extent a response may be deemed required, Defendant denies all allegations.

89.    Defendant denies Paragraph 152.

90.    As to Paragraph 153, Defendant denies all allegations and maintains that Glasser Images' contracts were formed in good faith with clear and appropriate conditions.

91.    As to Paragraph 154, Defendant denies all allegations. Defendant maintains that, although Glasser Images retained exclusive photography rights for events, it always intended to fulfill its obligations under these agreements.

92.    Defendant denies the allegations contained in Paragraphs 155-157, and asserts that, at all times, Glasser Images represented its services accurately and in good faith.

93.    Defendant denies Paragraph 158.

94.    As to Paragraph 159, Defendant denies all allegations. Defendant further denies the categorizations made within subparagraphs a-d that these events were the result of false representations.

95.    Defendant denies Paragraph 160.

96.    Defendant denies Paragraph 161, and asserts that any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

97.    Defendant denies Paragraph 162.

**ALTER-EGO, PIERCING CORPORATE VEIL, AND IMPUTED LIABILITY**

98.    Defendant denies Paragraph 163.

99.    Defendant denies Paragraph 164.

100.    Defendant denies Paragraph 165.

101.    Defendant denies Paragraphs 166-167.

102.    Defendant admits to Paragraph 168 to the extent that he and Schacher are domestic partners, but denies all allegations therein.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**

103.    As to Paragraph 169, Defendant denies all allegations to the extent that they have been addressed in the previous responses.

104.    Paragraph 170 contains a statement of law to which no response is necessary. However, to the extent a response may be deemed required, Defendant denies all allegations.

105.    Defendant denies Paragraph 171.

106.    Paragraph 172 contains legal conclusions to which no responsive pleading is required. However, to the extent a response may be deemed required, Defendant denies all allegations.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**

107.    As to Paragraph 173, Defendant denies all allegations to the extent that they have been addressed in the previous responses.

108.    Paragraph 174 contains a statement of law to which no response is necessary. However, to the extent a response may be deemed required, Defendant denies all allegations.

109.    As to Paragraph 175, Defendant acknowledges the Georgia District Court's granting of the Emergency Motion, and denies all remaining allegations.

110.    As to Paragraph 176, Defendant denies the allegation that he ignored requests for assistance and asserts that given the circumstances surrounding the closure of Glasser Images, and the volume of customer claims, any inability to respond was not a result of deliberate non-compliance, but due to the operational and logistical challenges following the closure of Glasser Images.

111.    Defendant denies Paragraphs 177-178.

## PLAINTIFF'S ALL CLAIMS FOR RELIEF

112.    As to Paragraph 179, Defendant denies all allegations to the extent that they have been addressed in the previous responses.

113.    As to Paragraph 180, Defendant denies the relief requested and asserts that Plaintiff has failed to establish the necessary elements for the claims under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) and therefore should not be granted the requested relief.

114.    Plaintiff's Complaint fails to state a claim for which relief can be granted.

115.    Pending the competition of discovery, Defendant reserves the right to amend this Answer to assert any additional defenses that must be affirmatively pled.

**WHEREFORE**, Defendant prays for judgment on Plaintiff's Complaint as follows:

15

116.    The dismissal of Plaintiff's Complaint with prejudice and the denial of any

relief thereunder.

117.    For its costs and disbursements incurred herein.

118.    For such other and further relief as this Court deems just and equitable.

Dated this 12th day of June, 2023.

O'KEEFFE O'BRIEN LYSON LTD.


*/s/ Timothy O'Keeffe*
Timothy O'Keeffe (ND ID. #05636)
720 Main Avenue
Fargo, ND 58103
Phone: (701) 235-8000
Fax: (701) 235-8023
tim@okeeffeattorneys.com
Attorney for Defendant

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Jack A. Glasser,<br><br>Debtor. | Case No: BK-22-30244<br><br>Chapter 7 |
| Messiahic, Inc. d/b/a PayJunction,<br><br>Plaintiff,<br>vs.<br><br>Jack A. Glasser,<br><br>Defendant. | Adversary Proceeding No. |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2023 the following document:

**ANSWER**

Was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

*All ECF Filing Participants*

Dated this 12th day of June, 2023.

O'KEEFFE O'BRIEN LYSON LTD.

*/s/ Timothy O'Keeffe*
Timothy O'Keeffe (ND ID. #05636)
720 Main Avenue
Fargo, ND 58103
Phone: (701) 235-8000
Fax: (701) 235-8023
tim@okeeffeattorneys.com
Attorney for Defendant